

FILED
SUPERIOR COURT
OF GUAM

2014 MAY 12 PM 4: 54

CLERK OF COURT

BY:_____ 6

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ODILIA BAUTISTA and JOSEPH A. GUTHRIE, | )    Case No. CV 1848-01 |
|      Plaintiffs, | ) |
| vs. | )   **DECISION AND ORDER ON MOTION FOR RECONSIDERATION OF DECISION DENYING PLAINTIFF PRO SE GUTHRIE'S MOTION FOR ATTORNEY'S FEES AND THIRD MOTION FOR ENFORCEMENT ORDER AND ON MOTION FOR RECONSIDERATION OF DECISION AND ORDER ON SECOND MOTION FOR ENFORCEMENT** |
| GERALD S.A. PEREZ, et al, | ) |
|      Defendants. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 14, 2013 and August 15, 2013, respectively, on Plaintiff Guthrie's Motion for Reconsideration of Decision Denying Plaintiff Pro Se Guthrie's Motion for Attorney's Fees and Third Motion for Enforcement Order (First Motion) and Motion for Reconsideration of Decision and Order on Second Motion for Enforcement (Second Motion). Plaintiff Guthrie is pro se and Attorney Elyze Iriarte represents Defendants. The Court took the matters under advisement without a hearing, and now issues this Decision and Order denying Plaintiff Guthrie's Motions.

## DISCUSSION

The long and contentious history of this case is set forth fully in the parties' pleadings and the Court's previous decisions. In short, on November 7, 2001, Plaintiffs filed suit against Defendants seeking declaratory and injunctive relief in relation to the administration of the Government of Guam Retirement Fund and the organicity of statutes applicable to the Retirement Fund. On February 18, 2003, the Court granted Defendants' Motion for Summary Judgment. The Court has entertained numerous motions from the parties subsequent to that decision and, at present, Plaintiff Guthrie seeks reconsideration of two decisions rendered by

this Court last year. Plaintiff Guthrie relies on Rule 59(e) of the Rules of Civil Procedure and Rule 7.1(i) of the Local Rules of the Superior Court, while Defendants cite Rules 59(e) and 60(b) of the Rules of Civil Procedure. At the outset, the Court notes that Plaintiff Guthrie's arguments are meritorious under neither the Local Rules nor the Rules of Civil Procedure.

Local Rule 7.1(i) provides that a motion for reconsideration may be made only on grounds of:

> 1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> 2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> 3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

In addition, Rule 7.1(i) provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

A three-pronged standard applies to motions filed pursuant to Rule 59(e) of the Rules of Civil Procedure such that a motion for reconsideration is appropriate when the Court: "1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." Rong Chang Co., Ltd., Inc. v. M2P, Inc., 2012 Guam 1, ¶ 16 (quoting Ward v. Reyes, 1998 Guam 1, ¶ 10). Although this rule allows the Court to reconsider and amend a previous order, it is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." Guam Bar Ethics Comm. v. Maquera, 2001 Guam 20, ¶ 9 (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). Importantly, a party moving for reconsideration cannot use the motion "to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier." Id. (citing Ward, 1998 Guam 1, ¶ 13). Also, motions filed pursuant to 59(e) and 60(b) motions are "essentially equivalent." Rong Chang, 2012 Guam 1, ¶ 18.

First, on May 31, 2013, the Court issued a Decision and Order denying Plaintiff Guthrie's Third Motion for Enforcement Order and Motion for Attorney's Fees. Plaintiff Guthrie sought an order requiring Defendants to bring a legal challenge to P.L. 31-77 insofar as the statute increased survivor benefits for spouses and children. The Court concluded that

Defendants were "not in violation of [the Court's] February 18, 2003 Order [and t]he increase in benefits is adequately budgeted for and funded in compliance with the [Retirement] Fund's standards." The Court further concluded that Plaintiff Guthrie was not entitled to attorney's fees because Guam follows the American Rule for awards of attorney's fees, the requirements to recover under the common fund doctrine were not met, and he was proceeding pro se while on inactive status in this jurisdiction.

On June 14, 2013, Plaintiff Guthrie filed his First Motion for Reconsideration pursuant to Rule 59(e) of the Rules of Civil Procedure and Rule 7.1(i) of the Local Rules of the Superior Court; he did not request a hearing. On July 15, 2013, Defendants filed an Opposition pursuant to Rules 59(e) and 60(b) of the Rules of Civil Procedure. On September 3, 2013, Plaintiff Guthrie filed an untimely Reply. In support of the First Motion, Plaintiff Guthrie seeks reconsideration—of the May 31, 2013 Decision and Order in its entirety, it seems—because the Court improperly struck a filing due to improper service. Plaintiff Guthrie emphasizes "the apparent failure of the Court to consider Plaintiff Guthrie's sworn statement" regarding Defendants' consent to service in writing by e-mail. Plaintiff Guthrie previously presented this argument and Defendants continue to dispute it factually and based on the requirements of Rule 5 of the Rules of Civil Procedure. Moreover, the Court echoed Defendants' sentiments and already rejected Plaintiff Guthrie's argument based on Rule 5. In any event, Court is unpersuaded that reconsideration is warranted on the basis of a non-substantive issue that does not bear on the merits of the case. In its May 31, 2013 Decision and Order, the Court plainly addressed the merits of Plaintiff's enforcement request and concluded that the Retirement Board was not in violation of the Court's Order.

Plaintiff Guthrie further seeks reconsideration of the Court's denial of his request for attorney's fees because "in the exercise of reasonable diligence, he could not have known" the precise manner in which the Court would assess fluctuation in Defined Benefit Plan and Defined Contribution Plan retirees. The Court is unconvinced that a party has grounds for reconsideration because it failed to anticipate reasoning espoused by another party or by the Court—particularly where, as here, Plaintiff Guthrie was the party seeking attorney's fees and bore the burden of persuading the Court to deviate from accepted practice. Plaintiff Guthrie previously had ample opportunity to argue for recovery of attorney's fees under the common fund doctrine, and failed to demonstrate an ascertainable claim. Far from presenting new

evidence, Plaintiff Guthrie reiterates arguments while failing to demonstrate how the Court erred in relying on the Blas Declaration as evidence of fluctuation in both Plans.

On August 13, 2013, the Court issued a Decision and Order on Plaintiff Guthrie's Second Motion for Enforcement. The Court concluded that the "the issues presented in Plaintiff Guthrie's Second Motion for Enforcement Order are moot" based on Decisions and Orders of February 18, 2003 and March 13, 2002 as well as representations made by Defendants.

On August 15, 2013, Plaintiff Guthrie filed his Second Motion for Reconsideration pursuant to Rule 7.1(i) of the Local Rules of the Superior Court; he did not request a hearing. On September 12, 2013, Defendants filed an Opposition pursuant to Rules 59(e) and 60(b) of the Rules of Civil Procedure. On September 3, 2013, Plaintiff Guthrie filed an Amended Memorandum to his Second Motion. Plaintiff Guthrie seems to argue that reconsideration is appropriate because "he had no idea" Defendants would offer certain arguments and he therefore failed to offer a suitable counterargument. The Court discerns no factual or legal basis for reconsideration in Plaintiff Guthrie's pleading. Instead, Plaintiff Guthrie baldly asserts that reconsideration is appropriate. The Court will not entertain such meritless and repetitive strains on its resources.

## CONCLUSION

Plaintiff Guthrie seeks an extraordinary remedy, but has brought to the Court's attention no material matter not already considered. Plaintiff Guthrie has likewise failed to articulate why the Court's previous Decisions and Orders constituted clear error, were manifestly unjust, or should be set aside on account of a change in the law. Accordingly, Plaintiff Guthrie's First Motion and Second Motion are DENIED.

**IT IS SO ORDERED** this day of May 12, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Carlsmith Torres

Date: 5/12/14 Time: 5p

Deputy Clerk, Superior Court of Guam

ORIGINAL



Esther L.S. Pinaula <epinaula@guamcourts.org>

## Decision & Order CV 1848-01

**Esther L.S. Pinaula** <epinaula@guamcourts.org>                    Mon, May 12, 2014 at 5:10 PM
To: joeguthrie@hotmail.com
Cc: "Amando D. Quitoriano" <amquitoriano@guamcourts.org>

Buenas Mr. Guthrie,

The Decision And Order On Motion For Reconsideration Of Decision Denying Plaintiff Pro Se Guthrie's Motion
For Attorney's Fees And Third Motion For Enforcement Order And On Motion For Reconsideration Of Decision
And Order On Second Motion For Enforcement is attached for your review.

*Si Yu'us Ma'ase',*

*Esther L.S. Pinaula*
*Deputy Clerk III*
*Judiciary Of Guam*
*(671) 475-3501*

---

📄 **DECISION AND ORDER ON MOTION FOR RECONSIDERATION.pdf**
338K